IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17–cv–00308–RM–KMT

ERYN R. MEGNA,
ROBERT V. MEGNA, and
BACKSTREET BISTRO, LLC,

    Plaintiffs,

v.

LITTLE SWITZERLAND OF AMERICA CANDY FACTORY, INC.,
KRISTINE M. ULLEMEYER, and
HAYES ULLEMEYER,

    Defendants.

---

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

    This case comes before the court on Defendants' "Motion to Dismiss Pursuant to Fed .R. Civ. P. 12(b)(1) and (6)." (Doc. No. 26). Defendants incorporate by reference arguments made in an earlier motion. (Doc. No. 15 [Mot.]).[1]  Plaintiffs filed their response on June 26, 2017 (Doc. No. 28 [Resp.]), and Defendants filed their reply on July 11, 2017 (Doc. No. 29 [Reply]).

---

[1] Doc No. 15 will be referred to as the Mot. for definitional purposes in the opinion; though, it is Doc. No. 26 (Defendants' more recent motion) that will be disposed on the record.

## INTRODUCTION

Plaintiffs assert claims pursuant to 42 U.S.C.§§ 1982 and 1985(3). (*See* First Amend. Compl. ¶1.) The case arises from the use of a property *vis-à-vis* restrictive covenants. Plaintiffs allege that "because of Defendants' coordinated conduct, Plaintiffs have been discriminatorily prevented from using their property on an equal basis with other current and former owners/tenants of the Complex." *Id.* at 13. Plaintiff seeks monetary, declaratory, and injunctive relief. (*Id.* at 88-161.)

## STANDARD OF REVIEW

### A. *Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure Rule 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case; rather, it calls for a determination that the court lacks authority to adjudicate the matter—attacking the existence of jurisdiction not the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

### B. *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007).  "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  A complaint warrants dismissal if it fails "*in toto* to render [plaintiff's] entitlement to relief plausible." *Twombly*, 550 U.S. at 569 n.14.

Notwithstanding this, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions**.** Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (citation omitted).

## ANALYSIS

As an initial matter, and because Defendants pursue dismissal under Rule 12(b)(1) and Rule 12(b)(6), the Court must first determine the appropriate vehicle for disposition. Defendants argue that Rule 12(b)(1) is appropriate. The Court disagrees. *See Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987) (If "the jurisdictional question is intertwined with the merits of the case, the issue should be resolved under 12(b)(6).")

Here, Defendants' arguments under Rule 12(b)(1) and Rule 12(b)(6) are "virtually identical"—highlighting the entanglement between the jurisdictional question with the merits of the case. Resp. at 5. Because of such entanglement, and in light of the *Hurdman* and *Fowler* decisions, Rule 12(b)(6) provides the proper vehicle for disposition. *See Fowler v. United States*, 647 F.3d 1232, 1237 (10th Cir. 2011) (explaining that "a great deal turns on [whether the

4

jurisdictional question is intertwined with the merits of the case] because Rule 12(b)(6) or Rule 56 would provide more procedural safeguards to the plaintiff than does Rule 12(b)(1)").

In holding that Rule 12(b)(6) is controlling, the Court is presented with a further threshold issue—*i.e.,* how to treat the multiple documents (no less than 11) filed by Defendants in support of their Rule 12(b)(6) Motion to Dismiss. (Doc. No. 13, Exhibits A-J.)

At the onset, the Court is minded to disregard the exhibits given the procedural safeguards that underscore Rule 12(b)(6) disposition. The Federal Court Rules of Civil Procedure provide that if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(d); *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). Notwithstanding the usual rule, "[a] district court *may* consider documents referred to in the complaint [yet separate to the complaint] if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir.2002) (emphasis added); *Alvarado*, 493 F.3d at 1215.

These principles make two things clear: (1) consideration of documents outside the pleadings is discretionary, and (2) to consider such documents is the exception to Rule 12(b)(6). In fact, a too liberal application of the exception to allow extrinsic materials could swallow the rule mandated by Fed. R. Civ. P. 12(d). In the abstract, this makes sense since disposition at the summary judgment stage allows further factual development through discovery—therefore, providing a plaintiff with ample opportunity to rely on such discovery before the plaintiff's

5

Seventh Amendment right to trial by jury is trounced through early dismissal. *See* U.S. Const. amend. VII.

Here, the extrinsic documents proffered by Defendants are more apt to Rule 56(a) disposition—not a motion to dismiss under Rule 12(b)(6). Putting aside the length (and number) of the extrinsic documents, the Court is minded that Defendants' proffered materials may require interpretation beyond the four corners of each document (some of which are contracts). *See Lake Durango Water Co., Inc. v. Pub. Utils. Comm'n*, 67 P.3d 12, 20 (Colo. 2003) (addressing whether contracts can be considered as questions of law and when extrinsic evidence is required when ambiguity arises); *see also Dorman v. Petrol Aspen, Inc.*, 914 P.2d 909, 912 (Colo. 1996).

For example, what do the terms "unsightly object or nuisance" mean? Likewise, what constitutes "peaceful enjoyment?" (Doc. No. 14-3, Exhibit C, Declaration Of Grants, Covenants, Conditions And Restrictions Establishing A Plan For Condominium Ownership of B & B Condominium Complex.) The parties haven't briefed these terms. Facially, they present interpretive ambiguities requiring further extrinsic evidence beyond what is before the Court. It is this concern, coupled with the "powerful presumption" against rejecting pleadings for failure to state a claim that counsels against reliance on the extrinsic documents at this juncture. *Maez v. Mountain States Tel. & Tel.*, 54 F.3d 1488, 1496 (10th Cir. 2005).

Still, even if Defendants' extrinsic documents were apt for consideration, it is not entirely clear how the Court's review of the extrinsic documents, at this stage, furthers Defendants' position. While the Court can see that the extrinsic documents are relevant to the claims, the claims are not just grounded in pure contract or property theories; rather, the claims here transcend into constitutional torts—adding another layer of complexity that is well beyond the

briefs and a Rule 12(b)(6) dismissal. *Cf.* Shapo, *Constitutional Tort: Monroe v. Pape and the Frontiers Beyond*, 60 Nw. U.L. REV. 277, 323-4 (1965) (inaugurating phrase "constitutional tort").

In sum, it would be premature to consider the extrinsic materials until further factual development of the record. [2]

### A. *Claim and Issue Preclusion*

Defendants also challenge Plaintiffs' complaint under the doctrines of claim preclusion (*res judicata*) and issue preclusion. To support these affirmative defenses, Defendants rely on a prior court case between the parties. (*See* Doc. No. 14-11, Exhibit F, hereinafter referred to as the "Ouray District Court Litigation.")

In this prior case, the court denied Plaintiffs motion to amend *vis-à-vis* claims similar to the present case. (Doc. No. 14-10, Exhibit I, Order Re: Defendant/Third Party Plaintiffs' Motion to Amend Counterclaims and Third Party Complaint.) On February 28, 2017, however—and pursuant to a stipulation of the parties—the Ouray District Court Litigation was stayed. (Doc. No. 14-11, Exhibit K, Order re Stipulated Motion to Vacate Trial and Stay Proceedings.)

Defendants now argue that the prior litigation triggers the doctrines of claim and issue preclusion—*i.e.,* Defendants contend that the 42 U.S.C. §1981 and equal protection claims in the prior litigation preclude Plaintiffs from pursuing 42U.S.C. §1982 and §1985 claims in the present litigation. Mot. at 15. The Court rejects Defendants' position. The reason is three-fold.

*First*, the preclusion arguments are given short shrift by Defendants—specifically, a single paragraph of analysis is afforded to the preclusion arguments. This is not enough. Rightly,

---

[2] The Court declines to convert the instant motion to one brought pursuant to Rule 56.

Defendants outline two paragraphs of law preceding the analysis—noting the elements articulated in *Cruz v. Benine*, 984 P.2d 1173, 1176 (Colo.1999)—but Defendants don't engage in any meaningfully analysis. Because of this lackluster effort, Defendants have failed to discharge their burden—thus, proverbially, 'folding their hand' as to these affirmative defenses. *See Taylor v. Sturgell*, 553 U.S. 880, 907 (2008) (explaining that "it is incumbent on the defendant to plead and prove [that claim preclusion applies]").

*Second*, even discounting the dearth of analysis in Defendants' brief, Plaintiffs' reliance on *Wyles v. Sussman*, 661 Fed. Appx. 548, 552 n.3 (10th Cir. 2016) is persuasive—a decision analogous to the instant one where no final judgment had been adjudicated. So too here.

*Third*, the death knell to Defendants' preclusion arguments is reflected in Defendants' reply briefing (or lack thereof). No meaningful effort was made to rebut Plaintiff's arguments, nor to address the authorities supporting same. *Cf. Bancoult v. McNamara*, 227 F. Supp. 2d 144, 149 (D.D.C. 2002).

Accordingly, Defendants' preclusion arguments must fail.

### B. *Plausibility of Plaintiff Claims for Relief*

Having addressed several threshold issues, the Court now turns Defendants' Motion to Dismiss—a motion that this Court recommends be denied.

#### 1. **42 U.S.C. § 1982**

Starting with the statute itself, 42 U.S.C. § 1982 provides "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." To establish a *prima facie* case under § 1982, "a plaintiff must allege facts in support of the following elements: (1) an

8

intent to discriminate on the basis of race by defendant; and (2) the discrimination concerned one or more of the activities enumerated in the statute." *Sampson v. Norwest Fin,*, 1996 U.S. App. LEXIS 20538, at *6 (10th Cir. Aug. 15, 1996); s*ee also Edwards & Assocs. v. Black & Veatch, L.L.P.*, 84 F. Supp. 2d 1182, 1191 (D. Kan. 2000) ("Because of their common origin and purpose, section 1981 and section 1982 are generally construed in tandem") (quoting *Morris v. Office Max*, 89 F.3d 411, 413 (7th Cir. 1996)); *Williams v. Dillard's Dep't Stores, Inc.*, 211 Fed. Appx. 327, 329 (5th Cir. 2006) (same).

Turning to first element, a plaintiff must establish a *prima facie* case of discrimination. *DAG Petroleum Suppliers, L.L.C. v. BP P.L.C.*, 268 Fed. Appx. 236, 240 (4th Cir. 2008). Courts have enumerated a "variety of circumstances that can give rise to an inference of discriminatory motivation," including "actions or remarks made by decision makers that could be viewed as reflecting discriminatory animus" and "preferential treatment given to [persons] outside of the protected class." *Plotke v. White*, 405 F.3d 1092, 1101 (10th Cir. 2005) (citations omitted).

Plaintiffs' Amended Complaint alleges facts that support a showing of discriminatory intent. Of course, the allegations are just that: allegations, but the Court considers them plausible based on what has been pled. *See Iqbal*, 556 U.S. at 678 (Plausibility means that the pleaded facts allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")

*First*, Plaintiffs' Amended Complaint alleges that Defendants have only applied the restrictive covenants, *inter alia*, against individuals and/or entities who are African-American—even though other similarly situated property owners have engaged in virtually identical conduct. (*See* First Amend. Compl. ¶¶ 10, 11, 55, 56). By making these allegations, Plaintiffs have

provided at least a plausible theory for relief that Defendants have given preferential treatment to those individuals or entities who are not African-American or who are not associated with African-American individuals.

*Second*, paragraphs 47-54 of the Amended Complaint squarely allege discriminatory intent. The allegations provide reasonable inferences (if not more) that Defendants' remarks possesses discriminatory animus. Paragraph 52 is illustrative. There, the comments allegedly made by Mr. Ullemeyer were made in relation to the very conduct that Plaintiffs' allege violates § 1982—providing sufficient factual content for Rule 12(b)(6) purposes. *See Rea v. Martin Marietta Corp.*, 29 F.3d 1450, 1457 (10th Cir. 1994) (explaining that isolated comments concerning the challenged action can demonstrate discriminatory animus, even where the comments were not directed at the plaintiff).[3]

As such, and given the procedural safeguards in favor of the non-moving party, Plaintiffs' pleadings pass Rule 12(b)(6) muster as to the first element of the § 1982 claim. *Cf. Iqbal*, 556 U.S at 678 (holding that only "naked" and "threadbare recitals" warrant dismissal).

As to the second element, Plaintiff's theory of case is, admittedly, novel. To truncate, Plaintiffs' theory is that the restrictive covenants—and Defendants' alleged discriminatory enforcement of same—interferes with Plaintiff's protected *use* of property. Defendants take issue with this theory (as a question of law) noting that there is no Tenth Circuit decision squarely supporting Plaintiffs' position. But this concern is overstated, particularly when there is case law

---

[3] The supposedly "legitimate non-discriminatory justification" that Defendants put forth in attempt to explain why they are seeking to have Plaintiffs' fan blower removed—that their tenant complained—is false (at least based on the pleadings that are taken as true under the Rule 12(b)(6) standard). (First Amended Compl. ¶¶ 61-64) (explaining that Defendants' tenant denied having ever complained about the blower).

in sister circuits consistent with Plaintiffs' position, along with more general support from the statute, and the U.S. Supreme Court's interpretation of same.

More specifically, § 1982 actions "effectuate the remedial purposes of the statute." *Memphis v. Greene*, 451 U.S. 100, 120 (1981). Indeed, the U.S. Supreme Court "has broadly construed [Section 1982] to protect not merely the enforceability of property interests acquired by black citizens but also their right to acquire and *use* property on an equal basis with white citizens." *Id.*; *see also Davis v. City of Aurora*, 2011 U.S. Dist. LEXIS 76010, at *11 (D. Colo. July 14, 2011) ("Courts have taken an expansive view on who may bring a claim to protect and what interests are protected [under § 1982]").

These cases provide a predicate for Plaintiffs' case (and, more importantly, for relief). In addition to these cases, however, Plaintiffs cite to various federal courts that have acknowledged that § 1982 protects individuals' right to *use* property free from racial discrimination, irrespective of ownership. *See United States v. Greer*, 939 F.2d 1076, 1091 (5th Cir. 1991) (explaining that "the phrase 'to hold' property under the statute can also mean 'to use' property"); *United States v. Brown*, 49 F.3d 1162, 1167 (6th Cir. 1995); *Olzman v. Lake Hills Swim Club, Inc.*, 495 F.2d 1333, 1339 (2d Cir. 1974); *Smith v. Heritage Ranch Owners Ass'n*, 655 Fed. Appx. 567, 568 (9th Cir. 2016); *Hargraves v. Capital City Mortg. Corp.*, 147 F. Supp. 2d 1, at *3 (D.D.C. 2001); *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse-Wisconsin*, 991 F.2d 1249, 1257 (7th Cir. 1993); *see also Reeves v. Carrollsburg Condo. Unit Owners Ass'n*, 1997 U.S. Dist. LEXIS 21762, at *27 (D.D.C. Dec. 8, 1997) (holding that homeowner association's failure to evenhandedly enforce rules and act upon rule violations among tenants

11

established potential liability under §§ 1981 and 1982) cited with approval in *Delaunay v. Collins*, 97 Fed. Appx. 229, 233 (10th Cir. 2004).[4]

The approval of the *Reeves* decision in the Tenth Circuit's *Delaunay* opinion (albeit *per curiam*) is telling. Such approval, coupled with the other cases cited in Plaintiffs' briefing provides legal bases for them to pursue the § 1982 claim. In the face of these authorities, the Court will not preclude Plaintiffs' theory as a matter of law.

Still, having addressed the legal sufficiency of the claim, the question becomes whether there are sufficient factual allegations to support a claim of relief? The Court finds in the affirmative. Plaintiffs' pleadings adequately allege that Defendants' attempts to enforce the restrictive covenants are an effort to place restrictions on how Plaintiffs use their property. (*See e.g.*, First Amended Compl. ¶ 10) ("Because of Defendants' coordinated conduct, Plaintiffs have been discriminatorily prevented from using their property on an equal basis with other current and former owners/tenants of the Complex").

Paragraph 10, along with paragraphs 77-87, 93, 103 and 111, provide further factual content that "nudge" Plaintiff's claim "across the line from the conceivable to the plausible"— meeting Rule 12(b)(6) pleading requirements. *Twombly*, 550 U.S. at 570.[5]

---

[4] As explained above, the United States Supreme Court has long held that § 1982 does not merely protect the "enforceability of property interests" that have been acquired, but also the "right to acquire and *use* property" free from racial discrimination. *See Greene*, 451 U.S. at 120 (emphasis added). The argument that § 1982 only applies to racially motivated refusals to rent or sell property has been rejected by the federal courts. *See, e.g. Ross v. Midland Mgmt. Co.*, 2003 U.S. Dist. LEXIS 13493, at *5-6 (N.D. Ill. Aug. 1, 2003).

[5] Defendants contend that Plaintiffs' claims must be dismissed because the Complaint fails to contain allegations that Mr. Megna owns any property within the B&B Condominium Complex or that Defendants discriminated against Backstreet Bistro, LLC because it employs someone who is African-American. These arguments, however, are not supported by any case law and

Because Plaintiffs have adequately alleged their prima facie case under § 1982 in accordance with *Twombly's* plausibility standard, Defendants' efforts to dismiss Plaintiffs' claims under 42 U.S.C. § 1982 should be denied.

## 2. 42 U.S.C. § 1985

To allege a valid § 1985(3) action, plaintiff had to allege facts showing a conspiracy to deprive him of "the equal enjoyment of rights secured by the law to all." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also Dicesare v. Stout*, 992 F.2d 1222 (10th Cir. 1993).

Because § 1985(3) effectively adds a conspiracy component to a claim brought under § 1982 and since paragraph 116 of the Amended Complaint incorporates the previous 115 paragraphs into § 1985(3) claim, the Court finds that these paragraphs provide the relevant predicate for Plaintiffs' § 1985(3) relief. Dismissal of the claim under Rule 12(b)(6) is far from warranted at this stage of the proceedings; ever more so when the conspiracy claims will examine the mental state of the Defendants and conversations between the two that can only be yielded through deposition. Such discovery should first take place before arguments against allowing the claim to move toward trial are entertained.

## 3. State Claims

Given that the federal claims remain in suit, the Court finds no reason why it should not continue to exercise supplemental jurisdiction over the state claims.

---

otherwise ignore significant portions of Plaintiffs' Complaint. An examination of the case law reveals that non-owners of property may nevertheless assert claims under § 1982, *see, e.g. Brown*, 49 F.3d at 1167 ("non-owners of property who nevertheless have an interest in using or holding that property have a viable property interest protected under Section 1982"), and that an entity, such as Backstreet Bistro, has standing to assert discrimination claims under § 1982 "where such discrimination is based on the race of one of its employees." *Guides, Ltd.*, 295 F.3d at 1072. Plaintiffs' Amended Complaint clearly alleges that Backstreet Bistro, LLC was discriminated against because it employed and/or associated with Mr. Megna—an African-American man. See (First Amended Compl. ¶¶ 12, 22, 44 n. 3, 84, 85, 100-104.)

13

## CONCLUSION

The Court finds that early dismissal of the claims by way of Rule 12(b)(6) is unwarranted at this juncture of proceedings.

**WHEREFORE**, for the foregoing reasons, this court

**RECOMMENDS** that Defendants' "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6)" (Doc. No. 26) be **DENIED.**

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (stating that a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real*

*Prop.*, 73 F.3d at 1059–60 (stating that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (holding that cross-claimant had waived its right to appeal those portions of the ruling by failing to object to certain portions of the magistrate judge's order); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that plaintiffs waived their right to appeal the magistrate judge's ruling by their failure to file objections). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (stating that firm waiver rule does not apply when the interests of justice require review).

Dated this 21st day of February, 2018.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge