# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-00308-KMT

ERYN R. MEGNA,
ROBERT V. MEGNA, and
BACKSTREET BISTRO, LLC

      Plaintiffs,

v.

LITTLE SWITZERLAND OF AMERICA CANDY FACTORY, INC.,
KRISTINE M. ULLEMEYER, and
HAYES ULLEMEYER

      Defendants.

---

### DEFENDANTS' OPPOSED MOTION FOR CHANGE OF VENUE TO GRAND JUNCTION PURSUANT TO 28 U.S.C. § 1404(c)

---

Pursuant to 28 U.S.C. § 1404(c), Defendants LITTLE SWITZERLAND OF AMERICA CANDY FACTORY, INC., KRISTINE M. ULLEMEYER, AND HAYES ULLEMEYER, through their attorney, **ROGER F. SAGAL**, of **SAGAL LAW, LLC**, respectfully submit this opposed motion for change of venue to move the above-captioned matter from the federal court in Denver to the federal court in Grand Junction, Colorado. In support of the motion, Defendants state as follows:

### CERTIFICATION PURSUANT TO D.C.COLO.LCiv R 7.1A

Undersigned counsel certifies that on March 15, 2018, counsel for the parties conferred about the relief requested herein. Counsel for Plaintiff objects to the relief requested.

1. 28 U.S.C. § 1404(c) allows for intra-district transfers, and specifically provides that "[a] district court may order any civil action to be tried at any place within the division in which it is pending."

2. Colorado constitutes one judicial district, and "[c]ourt shall be held at Boulder, Colorado Springs, ... Denver, Durango, Grand Junction, Montrose, Pueblo, and Sterling." 28 U.S.C. § 85.

3. In determining whether to grant motions for intra-district change of venue under § 1404(c), Tenth Circuit courts have relied on the standards enumerated in 28 U.S.C. § 1404(a), which provides that a district court may transfer a civil action to a different district or division "[f]or the convenience of the parties and witnesses, in the interest of justice." *Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. of Durango*, 464 F.Supp.2d 1095, 1098 (D. Colo. 2006).

4. Specifically, Tenth Circuit courts look to the following factors when making such a determination: (1) the plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other considerations of a practical nature that make a trial easy, expeditious and economical. *See Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1516 (10th Cir. 1991).

5. Defendants understanding is that Plaintiff's choice of form is the Federal District Court in Denver, Colorado. Although Plaintiff's choice of forum is often given great weight, the "usual deference to plaintiffs' forum choice is diminished where plaintiffs do not reside in the chosen forum." *Four Corners*, 464 F.Supp.2d at 1098. This is the case here. The individual

Plaintiffs do not reside in Denver but rather they reside in Ouray, Colorado. Furthermore, they maintain their business in Ouray and the operative facts giving rise to this matter occurred in Ouray. The individual Defendants reside in Montrose County.

6. The underlying controversy is unconnected to Denver in every way. When considering the convenience and accessibility of potential witnesses and other sources of proof (the 2nd and 3rd factors), to Defendants current knowledge, all parties, potential witnesses, and other sources of proof are located in Ouray and Montrose Counties, which is significantly closer to Grand Junction than it is to Denver.

7. The individual Defendants have health concerns that makes long travel difficult. Defendant Kristine Ullemeyer suffers from Antiphospholipid syndrome, an autoimmune disorder, and from persistent migraines, physical conditions which often make it difficult for her to travel long distances and over high mountain passes. Both she and Mr. Ullemeyer sometimes require supplemental oxygen. It would be a hardship for her to travel to the Front Range for court proceedings and much less of a burden to travel to Grand Junction. Many other potential witnesses may be unwilling or unable to travel across the state to present testimony.

8. With regard to the 4th factor, the parties can obtain a fair trial in Grand Junction. There is no reason why a jury pool selected out of Grand Junction cannot fairly and impartially consider the evidence just like a jury pool selected out of Denver.

9. Finally, with regard to the 5th factor, when looking at all other considerations of a practical nature that make a trial easy, expeditious, and economical, this case merits a change of venue to Grand Junction. The underlying controversy and subject properties are located in Ouray County. Costs to the parties will be significantly lowered by moving the trial closer to their homes.

Grand Junction is far more convenient to witnesses. These factors weigh heavily in favor of a transfer of venue to Grand Junction.

## Conclusion

For the reasons outlined above, Defendants respectfully request that their motion for change of venue be granted, and that venue for the above-captioned matter be transferred from Denver to Grand Junction, Colorado.

Dated this 16th day of March 2018.

>/s/ Roger F. Sagal
>***Roger F. Sagal***
>Sagal Law, LLC
>PO BOX 1168
>241 S. Elizabeth Street
>Ridgway, CO 81432
>Telephone: (970) 626-5891
>FAX: (970) 512-7746
>E-mail: roger@sagalgroup.com
>
>ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of March 2018 a true and correct copy of the above and foregoing DEFENDANTS' OPPOSED MOTION FOR CHANGE OF VENUE TO GRAND JUNCTION PURSUANT TO 28 U.S.C. § 1404(c) was electronically filed with the Clerk of Court using the CM/ECF system and served on the following:

Julian G.G. Wolfson
The Law Office of Julian G.G. Wolfson, LLC
PO Box 13013
Denver, CO 80201
jwolfsonlaw@gmail.com

*Anita Posey*
Anita D. Posey