## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-00308-KMT

ERYN R. MEGNA,
ROBERT V. MEGNA, and
BACKSTREET BISTRO, LLC

      Plaintiffs,

v.

LITTLE SWITZERLAND OF AMERICA CANDY FACTORY, INC.,
KRISTINE M. ULLEMEYER, and
HAYES ULLEMEYER

      Defendants.

---

### ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS AGAINST PLAINTIFFS, ERYN R. MEGAN, ROBERT V. MEGNA AND BACKSTREET BISTRO, LLC

---

Defendants LITTLE SWITZERLAND OF AMERICA CANDY FACTORY, INC., KRISTINE M. ULLEMEYER, AND HAYES ULLEMEYER, through their attorney, **ROGER F. SAGAL**, of **SAGAL LAW, LLC**, pursuant to F.R.C.P. 8(c), 12(a), and 13 respectfully submit the following Answer, Affirmative Defenses, and Counterclaims against Plaintiffs, Eryn R. Megna, Robert V. Megna, and Backstreet Bistro, LLC.

### ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

1.     Defendants deny the allegations contained in Paragraph 1 of the Amended Complaint.

2.     Defendants are without sufficient information or belief to admit or deny the truth of the allegations contained in Paragraph 2 of the Amended Complaint and therefore deny them.

3.      Defendants admit that Little Switzerland owns property in a condominium complex.  Defendants admit Kristine Ullemeyer has an ownership interest in Little Switzerland. Defendants deny that Hayes Ullemeyer has an ownership interest in Little Switzerland. Defendants deny that Little Switzerland is a "shell corporation."   That allegation is frivolous, groundless, and without factual basis.  Defendants are without sufficient information and belief to admit or deny the truth of the remaining allegations contained in Paragraph 3 and therefore deny them.

4.      Defendants are without sufficient information and belief to admit or deny the truth of the allegations contained in Paragraph 4 and therefore deny them.

5.      Defendants deny the allegations contained in Paragraph 5 of the Amended Complaint.

6.      With regard to the allegations contained in Paragraph 6 of the Amended Complaint, Defendants admit that Plaintiffs informed them that they were not willing to relocate the blower, but deny the allegation that Defendants' request was unreasonable.

7.      Defendants deny the allegations contained in Paragraph 7 of the Amended Complaint.

8.      Defendants admit they brought suit against Plaintiffs over the blower.  Defendants deny all remaining allegations contained in Paragraph 8 of the Amended Complaint.

9.      Defendants deny the allegations contained in Paragraph 9 of the Amended Complaint.

10.      Defendants deny the allegations contained in Paragraph 10 of the Amended Complaint.

11.      Defendants deny the allegations contained in Paragraph 11 of the Amended Complaint.

12.     Defendants deny the allegations contained in Paragraph 12 of the Amended Complaint.

13.     Defendants deny the allegations contained in Paragraph 13 of the Amended Complaint.

14.     Defendants deny the allegations contained in Paragraph 14 of the Amended Complaint.

15.     Defendants deny the allegations contained in Paragraph 15 of the Amended Complaint.

## JURISDICTION AND VENUE

16.     Defendants admit this Court has jurisdiction over this matter but deny that Defendants violated any federal statutory law.

17.     Defendants admit that this Court has jurisdiction over this matter but deny that Defendants violated any Colorado state law.

18.     Defendants admit that this Court has jurisdiction over this matter but deny that Defendants violated any federal or state law.

19.     Defendants admit that this Court has jurisdiction over this matter but deny Plaintiffs are entitled to attorney fees and costs.

20.     Defendants admit that the events giving rise to the claims asserted in the Amended Complaint occurred within the State of Colorado but deny proper venue lies in Denver.  Rather, because the operative facts arise out of Ouray, Colorado and all witnesses and parties live near there, proper venue for this matter lies in Grand Junction, Colorado.  Defendants have filed a motion for change of venue, which is currently pending before this Court.

**PARTIES**

21.     Defendants are without sufficient information and belief to admit or deny the truth of the allegations contained in Paragraph 21 and therefore deny them.

22.     Defendants deny that at all relevant times they have known that Mr. Megna and Mrs. Megna are married.  Defendants are without sufficient information and belief to admit or deny the truth of the remaining allegations contained in Paragraph 22 and therefore deny them.

23.     Defendants are without sufficient information and belief to admit or deny the truth of the allegations contained in Paragraph 23 and therefore deny them.

24.     Defendants admit that Little Switzerland was formed on October 14, 1997 and owns property within the B&B Condominium Complex in Ouray, Colorado.  Defendants deny the remaining allegations contained in Paragraph 24 of the Amended Complaint.

25.     Defendants admit that Hayes Ullemeyer is a citizen of the United States and is a resident of and domiciled in the State of Colorado.   Defendants admit that he is the Secretary-Treasurer of Little Switzerland.    Defendants deny the remaining allegations in Paragraph 25.

26.     Defendants admit that Kristine Ullemeyer is a citizen of the United States and is a resident of and domiciled in the State of Colorado.    Defendants admit that she is the sole shareholder, a director, and owner of Little Switzerland.     Defendants deny the remaining allegations in Paragraph 26.

**FACTUAL ALLEGATIONS**

27.     Defendants admit that Little Switzerland owns property in the B&B Condominium Complex in Ouray, Colorado.  Defendants deny the remaining allegations contained in Paragraph 27 of the Amended Complaint.

28.     Defendants admit that the property owned by Little Switzerland, like the property allegedly owned by Backstreet Bistro, is encumbered by the restrictive covenants governing the property.

29.     With respect to the allegations contained in Paragraph 29, Defendants deny that the restrictive covenants were "initially established by the B&B Condominium Complex Owner's Association."  Rather, they were created as encumbrances to the property by the original developer of the condominium complex.  All owners take property subject to the restrictive covenants.

30.     With regard to the allegations contained in Paragraph 30 of the Amended Complaint, the restrictive covenants speak for themselves.

31.     Defendants are without sufficient information and belief to admit or deny the truth of the allegations contained in Paragraph 31 and therefore deny them.

32.     Defendants are without sufficient information and belief to admit or deny the truth of the allegations contained in Paragraph 32 and therefore deny them.

33.     Defendants are without sufficient information and belief to admit or deny the truth of the allegations contained in Paragraph 33 and therefore deny them.

34.     Defendants are without sufficient information and belief to admit or deny the truth of the allegations contained in Paragraph 34 and therefore deny them.

35.     The allegations contained in Paragraph 35 state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

36.     Defendants are without sufficient information and belief to admit or deny the truth of the allegations contained in Paragraph 36 and therefore deny them.

37.     Defendants are without sufficient information and belief to admit or deny the truth of the allegations contained in Paragraph 37 and therefore deny them.

38.     Defendants deny the allegations contained in Paragraph 38 of the Amended Complaint.

39.     Defendants deny the allegations contained in Paragraph 39 of the Amended Complaint.

40.     Defendants deny the allegations contained in Paragraph 40 of the Amended Complaint.

41.     Defendants are without sufficient information and belief to admit or deny the truth of the allegations contained in Paragraph 41 and therefore deny them.

42.     Defendants are without sufficient information and belief to admit or deny the truth of the allegations contained in Paragraph 42 and therefore deny them.

43.     Defendants are without sufficient information and belief to admit or deny the truth of the allegations contained in Paragraph 43 and therefore deny them.

44.     Defendants are without sufficient information and belief to admit or deny the truth of the allegations contained in Paragraph 44 and therefore deny them.

45.     Defendants are without sufficient information and belief to admit or deny the truth of the allegations contained in Paragraph 45 and therefore deny them.

46.     Defendants are without sufficient information and belief to admit or deny the truth of the allegations contained in Paragraph 46 and therefore deny them.

47.     With respect to the allegations contained in Paragraph 47 of the Amended Complaint, Defendants are without sufficient information and belief to admit or deny the truth of the allegations regarding what Mr. Megna saw.  Defendants admit that Mrs. Ullemeyer and Mr. Megna briefly met. Defendants deny the characterization of Mr. Megna as polite.

48.     Defendants deny the allegations contained in Paragraph 48 of the Amended Complaint.

49.     Defendants admit to briefly meeting Mrs. Megna.  Defendants deny the remaining allegations in Paragraph 49 of the Amended Complaint.

50.     Defendants deny the allegations contained in Paragraph 50 of the Amended Complaint.

51.     Defendants deny the allegations contained in Paragraph 51 of the Amended Complaint.

52.     Defendants admit that Hayes and Mr. Megna spoke on the telephone about the blower.  Defendants deny the remaining allegations contained in Paragraph 52 of the Amended Complaint.  Defendants specifically deny that Mr. Ullemeyer referred to Mr. Megna as "boy." That allegation is frivolous, groundless, and without basis in fact.

53.     Defendants admit that Mr. Megna refused a request to relocate the blower. Defendants deny the remaining allegations in Paragraph 53.

54.     Defendants deny the allegations contained in Paragraph 54 of the Amended Complaint.

55.     Defendants deny the allegations contained in Paragraph 55 of the Amended Complaint.

56.     With respect to the allegations contained in Paragraph 56 of the Amended Complaint, Defendants are without sufficient information and belief to admit or deny the truth of the allegations and therefore deny them.

57.     Defendants deny the allegations contained in Paragraph 57 of the Amended Complaint.

58.     With respect to the allegations contained in Paragraph 58 of the Amended Complaint, Defendants admit that Mr. Megna refused to speak with Plaintiffs about the blower and referred them to his attorney.  Defendants deny the remaining allegations asserted in Paragraph 58 of the Amended Complaint.

59.     Defendants deny the allegations contained in Paragraph 59 of the Amended Complaint.

60.     With respect to the allegations contained in Paragraph 60 of the Amended Complaint, Defendants are without sufficient information and belief to admit or deny the truth of the allegations and therefore deny them.

61.     With respect to the allegations contained in Paragraph 61 of the Amended Complaint, Defendants admit that they communicated to Plaintiffs, through counsel, that they believed that the blower violated the restrictive covenants and constituted a nuisance.  Defendants deny the remaining allegations contained in Paragraph 61.

62.     Defendants deny the allegations contained in Paragraph 62.

63.     With respect to the allegations contained in Paragraph 63 of the Amended Complaint, Defendants are without sufficient information and belief to admit or deny the truth of the allegations and therefore deny them.

64.     With respect to the allegations contained in Paragraph 64 of the Amended Complaint, Defendants are without sufficient information and belief to admit or deny the truth of the allegations and therefore deny them.

65.     With respect to the allegations contained in Paragraph 65 of the Amended Complaint, Defendants admit that they wanted the blower relocated because they believed it constituted a nuisance and because they were never consulted about the location prior to its

installation.  The remainder of the allegations contained in Paragraph 65 are denied. Defendants further aver that during the course of their communications with Plaintiffs, Defendants offered to pay for the costs associated with a relocation of the blower but Plaintiffs refused.

66.    Defendants admit that they filed a lawsuit against Plaintiffs on January 4, 2016, but deny all other allegations contained in Paragraph 66 of the Amended Complaint.

67.    Defendants admit the allegations contained in Paragraph 67 of the Amended Complaint.

68.    Defendants deny the allegations contained in Paragraph 68 of the Amended Complaint.  Defendants further aver that when prior issues arose governing the use of common area and installation of equipment and fixtures within common area, Defendants and prior owners would discuss and agree on any changes prior to action being taken.  Defendants further aver that the only significant differences from previous owners was not that Mr. Megna is African-American, but that Plaintiffs never spoke to Defendants prior to installing the blower and there was never agreement as to the placement of the blower in the common area.  Instead, Plaintiffs disregarded the fact of Defendants common ownership of the common area pursuant to the restrictive covenants.

69.    With regard to the allegations contained in Paragraph 69 of the Amended Complaint, Defendants admit that Plaintiffs asserted the listed counterclaims in their answer to the Complaint filed in District Court.

70.    Defendants deny the allegations asserted in Paragraph 70 of the Amended Complaint.

71.     With regard to the allegations contained in Paragraph 71 of the Amended Complaint, Defendants admit that Plaintiffs sought leave to amend to add counterclaims.  The remainder of the allegations asserted in Paragraph 71 are denied.

72.     With regard to the allegations contained in Paragraph 72 of the Amended Complaint, Defendants admit that the district court denied Plaintiff's motion to amend and deny that the proposed counterclaims were plausible.   The remainder of the allegations asserted in Paragraph 72 are denied.

73.     Defendants admit the allegations contained in Paragraph 73 of the Amended Complaint.

74.     Defendants admit the allegations contained in Paragraph 74 of the Amended Complaint.

75.     Defendants deny the allegations contained in Paragraph 75 of the Amended Complaint.

76.     Defendants deny the allegations contained in Paragraph 76 of the Amended Complaint.

77.     Defendants deny the allegations contained in Paragraph 77 of the Amended Complaint.

78.     Defendants deny the allegations contained in Paragraph 78 of the Amended Complaint.

79.     Defendants deny the allegations contained in Paragraph 79 of the Amended Complaint.

80.     Defendants deny the allegations contained in Paragraph 80 of the Amended Complaint.

81.     Defendants deny the allegations contained in Paragraph 81 of the Amended Complaint.

82.     Defendants deny the allegations contained in Paragraph 82 of the Amended Complaint.

83.     Defendants deny the allegations contained in Paragraph 83 of the Amended Complaint.

84.     Defendants deny the allegations contained in Paragraph 84 of the Amended Complaint.

85.     Defendants deny the allegations contained in Paragraph 85 of the Amended Complaint.

86.     Defendants deny the allegations contained in Paragraph 86 of the Amended Complaint.

87.     Defendants deny the allegations contained in Paragraph 87 of the Amended Complaint.

## STATEMENT OF CLAIMS

88.     Defendants incorporate herein their responses to Paragraphs 1 through 87 of the Amended Complaint.

89.     The allegations contained in Paragraph 89 of the Amended Complaint appear to state legal conclusions to which no response is required. The referenced statute speaks for itself.

90.     With regard to the allegations contained in Paragraph 90 of the Amended Complaint, Defendants are without information and belief to admit or deny the truth of the allegations and therefore deny them.

91.     The allegations contained in Paragraph 91 of the Amended Complaint appear to state legal conclusions to which no response is required.  To the extent a response is required the allegations are denied.

92.     Defendants deny the allegations contained in Paragraph 92 of the Amended Complaint.

93.     Defendants deny the allegations contained in Paragraph 93 of the Amended Complaint.

94.     Defendants deny the allegations contained in Paragraph 94 of the Amended Complaint.

95.     Defendants deny the allegations contained in Paragraph 95 of the Amended Complaint.

96.     Defendants deny the allegations contained in Paragraph 96 of the Amended Complaint.

97.     Defendants deny the allegations contained in Paragraph 97 of the Amended Complaint.

98.     Defendants incorporate herein their responses to Paragraphs 1 through 97 of the Amended Complaint.

99.     The allegations contained in Paragraph 99 of the Amended Complaint appear to state legal conclusions to which no response is required. The referenced statute speaks for itself.

100.    The allegations contained in Paragraph 100 of the Amended Complaint appear to state legal conclusions to which no response is required. To the extent a response is required the allegations are denied.

101.    With regard to the allegations contained in Paragraph 101 of the Amended Complaint, Defendants are without information and belief to admit or deny the truth of the allegations and therefore deny them.

102.    Defendants deny the allegations contained in Paragraph 102 of the Amended Complaint.

103.    Defendants deny the allegations contained in Paragraph 103 of the Amended Complaint.

104.    Defendants deny the allegations contained in Paragraph 104 of the Amended Complaint.

105.    Defendants deny the allegations contained in Paragraph 105 of the Amended Complaint.

106.    Defendants deny the allegations contained in Paragraph 106 of the Amended Complaint.

107.    Defendants incorporate herein their responses to Paragraphs 1 through 106 of the Amended Complaint.

108.    The allegations contained in Paragraph 108 of the Amended Complaint appear to state legal conclusions to which no response is required. The referenced statute speaks for itself.

109.    The allegations contained in Paragraph 109 of the Amended Complaint appear to state legal conclusions to which no response is required. The referenced statute speaks for itself.

110.    With regard to the allegations contained in Paragraph 110 of the Amended Complaint, Defendants are without information and belief to admit or deny the truth of the allegations and therefore deny them.

111.    Defendants deny the allegations contained in Paragraph 111 of the Amended Complaint.

112.    Defendants deny the allegations contained in Paragraph 112 of the Amended Complaint.

113.    Defendants deny the allegations contained in Paragraph 113 of the Amended Complaint.

114.    Defendants deny the allegations contained in Paragraph 114 of the Amended Complaint.

115.    Defendants deny the allegations contained in Paragraph 115 of the Amended Complaint.

116.    Defendants incorporate herein their responses to Paragraphs 1 through 115 of the Amended Complaint.

117.    The allegations contained in Paragraph 117 of the Amended Complaint appear to state legal conclusions to which no response is required. The referenced statute speaks for itself.

118.    Defendants deny the allegations contained in Paragraph 118 of the Amended Complaint.

119.    Defendants deny the allegations contained in Paragraph 119 of the Amended Complaint.

120.    Defendants deny the allegations contained in Paragraph 120 of the Amended Complaint.

121.    Defendants deny the allegations contained in Paragraph 121 of the Amended Complaint.

122.    Defendants deny the allegations contained in Paragraph 122 of the Amended Complaint.

123.    Defendants incorporate herein their responses to Paragraphs 1 through 122 of the Amended Complaint.

124.    The allegations contained in Paragraph 124 of the Amended Complaint appear to state legal conclusions to which no response is required. The referenced statute speaks for itself.

125.    Defendants deny the allegations contained in Paragraph 125 of the Amended Complaint.

126.    Defendants deny the allegations contained in Paragraph 126 of the Amended Complaint.

127.    Defendants deny the allegations contained in Paragraph 127 of the Amended Complaint.

128.    Defendants deny the allegations contained in Paragraph 128 of the Amended Complaint.

129.    Defendants deny the allegations contained in Paragraph 129 of the Amended Complaint.

130.    Defendants incorporate herein their responses to Paragraphs 1 through 129 of the Amended Complaint.

131.    The allegations contained in Paragraph 131 of the Amended Complaint appear to state legal conclusions to which no response is required. The referenced statute speaks for itself.

132.    The allegations contained in Paragraph 132 of the Amended Complaint appear to state legal conclusions to which no response is required.  The referenced statute speaks for itself.

133.     Defendants deny the allegations contained in Paragraph 133 of the Amended Complaint.

134.     Defendants deny the allegations contained in Paragraph 134 of the Amended Complaint.

135.     Defendants deny the allegations contained in Paragraph 135 of the Amended Complaint.

136.     Defendants deny the allegations contained in Paragraph 136 of the Amended Complaint.

137.     Defendants deny the allegations contained in Paragraph 137 of the Amended Complaint.

138.     Defendants incorporate herein their responses to Paragraphs 1 through 137 of the Amended Complaint.

139.     The allegations contained in Paragraph 139 of the Amended Complaint appear to state legal conclusions to which no response is required. The referenced statute speaks for itself.

140.     The allegations contained in Paragraph 140 of the Amended Complaint appear to state legal conclusions to which no response is required. The referenced statute speaks for itself.

141.     The allegations contained in Paragraph 141 of the Amended Complaint appear to state legal conclusions to which no response is required. The referenced statute speaks for itself.

142.     Defendants deny the allegations contained in Paragraph 142 of the Amended Complaint.

143.     Defendants deny the allegations contained in Paragraph 143 of the Amended Complaint.

144.     Defendants deny the allegations contained in Paragraph 144 of the Amended Complaint.

145.     Defendants deny the allegations contained in Paragraph 145 of the Amended Complaint.

146.     Defendants incorporate herein their responses to Paragraphs 1 through 145 of the Amended Complaint.

147.     Defendants deny the allegations contained in Paragraph 147 of the Amended Complaint.

148.     Defendants deny the allegations contained in Paragraph 148 of the Amended Complaint.

149.     Defendants deny the allegations contained in Paragraph 149 of the Amended Complaint.

150.     Defendants incorporate herein their responses to Paragraphs 1 through 149 of the Amended Complaint.

151.     Defendants are without information and belief as to the truth of the allegations contained in Paragraph 151 regarding Plaintiffs' alleged "possessory interest" and therefore deny the allegations.

152.     Defendants deny the allegations contained in Paragraph 152 of the Amended Complaint.

153.     Defendants deny the allegations contained in Paragraph 153 of the Amended Complaint.

154.     Defendants deny the allegations contained in Paragraph 154 of the Amended Complaint.

155.    Defendants deny the allegations contained in Paragraph 155 of the Amended Complaint.

156.    Defendants deny the allegations contained in Paragraph 156 of the Amended Complaint.

157.    Defendants incorporate herein their responses to Paragraphs 1 through 156 of the Amended Complaint.

158.    Defendants deny the allegations contained in Paragraph 158 of the Amended Complaint.

159.    Defendants deny the allegations contained in Paragraph 159 of the Amended Complaint.

160.    Defendants deny the allegations contained in Paragraph 160 of the Amended Complaint.

161.    Defendants deny the allegations contained in Paragraph 161 of the Amended Complaint.

162.    All allegations not expressly admitted herein are denied.

**WHEREFORE**, Defendants pray that the Court dismiss Plaintiffs claims with prejudice, order that Plaintiffs take nothing therefrom, to order Plaintiffs to pay Defendants their costs and attorney fees as provided by law, and for all other relief the Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.    Plaintiff fails to state a claim for which relief can be granted.

2.    Plaintiffs' claims are barred by applicable statute of limitations.

3.      Plaintiffs' claims are barred by the doctrines of estoppel, waiver, laches, and unclean hands.

4.      Plaintiffs' claims are substantially frivolous, groundless, vexatious, and are intended to harass Defendants.

5.      This action was brought in violation of F.R.C.P. 11.

6.      Little Switzerland has a 50% interest in the disputed blower/fan and exterior wall to which it is attached as that property are Common Elements in the Condominium under the applicable covenants.

## COUNTERCLAIMS
### *Parties and Jurisdictional Statement*

1.      Counterclaimant Little Switzerland of America Candy Factory, Inc. (hereinafter Little Switzerland), is a Colorado corporation with its business offices located at 67298 Leadville Ct., Montrose, CO 81402, United States.

2.      Counterclaim Defendant Backstreet Bistro, LLC (hereinafter Backstreet Bistro) is a Colorado Limited Liability Company with its business offices located at 219 7th Ave., Ouray, CO 81427, United States.

3.      Counterclaim Defendants Eryn and Robert Megna (hereinafter the Megnas) are individuals residing in Ouray County, Colorado, and are, on information and belief, principal owners of Backstreet Bistro, and at all times mentioned herein acted as agents for and on behalf of Backstreet Bistro.

4.      This Court has jurisdiction over these counterclaims pursuant to F.R.C.P. 13(a), as they arise out of the same transaction or occurrence that is the subject matter of the opposing parties claims and they do not require adding any other party.

*Factual Allegations*

5.       On or about September 25, 1996, Thomas E. and Nancy J. Brenner, and Richard J. Blumberg and Barbara E. Blumberg, the owners of a certain tract of land located in Ouray County, Colorado and more fully described on an instrument recorded at Reception No. 164167 in the public records for Ouray County, Colorado, created the B&B Condominium Complex by causing a condominium plat to be filed in the public records in and for Ouray County, Colorado, at Reception No. 164167.

6.       Units within the Condominium are subject to restrictive covenants that run with the land.  The applicable covenants are titled Declaration of Grants, Covenants, Conditions and Restrictions Establishing a Plan for Condominium Ownership of B & B Condominium Complex, and are recorded on May 2, 1997 in the records of the Ouray Clerk and Recorder at Reception No. 164168.

7.       Backstreet Bistro owns Units R2 and B2 within the Condominium.

8.       Little Switzerland owns Units R1 and B1 within the Condominium.

9.       Backstreet Bistro purchased its units on or about May 4, 2015 and thereafter began operating a restaurant in the space.

10.       Backstreet Bistro and Little Switzerland bought their respective units burdened by the covenants.

11.       Backstreet Bistro and Little Switzerland each own 50% of the units within the Condominium.

12.       Together, Backstreet Bistro and Little Switzerland own 100% of the units within the Condominium.

13.       In addition to the units the Condominium contains General Common Elements.

14.     Under the covenants, a unit owner holds an undivided interest in the General Common Elements expressed as a percentage of the entire ownership interest in the General Common Elements.

15.     Thus, Little Switzerland and Backstreet Bistro each hold an undivided 50% interest in the General Common Elements within the Condominium.

16.     The General Common Elements are defined in the covenants as including exterior walls and perimeter walls.

17.     The General Common Elements also include pumps, motors, fans, and ducts, located within or without a Unit.

18.     The covenants define a Unit as individual air space contained within the unfinished interior surfaces of the perimeter walls, floors, and ceilings.

19.     In 2015, shortly after purchasing Units B2 and R2 Backstreet Bistro and the Megnas installed a commercial kitchen ventilation system to operate a restaurant in Unit B2.

20.     The system exhausts through the east exterior wall of Unit B2.  Backstreet Bistro and the Megnas caused a large exhaust fan to be placed on the exterior wall of Unit B2 within the jointly owned General Common Elements.

21.     Despite owning 50% of the General Common Elements, the installation of the fan was done without Little Switzerland's knowledge or consent.

22.     Prior to Backstreet Bistro's purchase of Units R2 and B2, Little Switzerland and prior owners of Units R2 and B2 would discuss the placement of improvements, equipment, and fixtures within the General Common Elements and agree prior to their placement.

23.     The improvements emit large quantities of exhaust from the kitchen of the restaurant. The exhaust has a strong and unpleasant odor. The fan creates a continuous noise

whenever in operation. The fan presents an unsightly, offensive and obnoxious appearance which is clearly visible from Little Switzerland's units.

24.     Little Switzerland objected to the placement and installation of the fan and requested that the fan be removed.

25.     Backstreet Bistro and the Megnas refused to cooperate in any way or even discuss options for ameliorating the problems created by the installation and use of the fan.  Instead, Mr. Megna immediately directed Counterclaimant to talk with the Megnas' attorney

26.     Little Switzerland offered to relocate the fan at its sole expense.  Backstreet Bistro and the Megnas again refused.

27.     During the course of further settlement discussions, in exchange for their agreement to relocate the fan, Backstreet Bistro demanded that Little Switzerland convey to Backstreet Bistro its entire interest in the General Common Element consisting of a patio that faces north at no cost to Backstreet Bistro.  That "front patio" area is valuable to Little Switzerland because it sits adjacent to the entrance to the commercial unit owned by Little Switzerland and has been utilized in the past by Little Switzerland and its tenants in the course of their businesses operated out of the commercial unit.

28.     Little Switzerland considered Backstreet Bistro's demand for exclusive use of the front patio at no cost to Backstreet Bistro to be unreasonable and did not agree to their demand. In addition, it was unclear to Little Switzerland how the front patio could be legally conveyed to Backstreet Bistro in light of the fact that it constitutes a General Common Element in which each party has an undivided 50% interest.

29.     In order to further explore solutions, Little Switzerland retained a contractor at its own expense to examine options for a relocation of the fan.  Although options were developed,

Backstreet Bistro continued to refuse to consider a relocation at Backstreet Bistro's expense and instead continued to press the frivolous claim that Backstreet Bistro was being harassed because of Mr. Megna's race.

30.     In order to support its claim that Little Switzerland was solely motivated to complain about the fan because of Mr. Megna's race, Backstreet Bistro invented an allegation out of whole cloth that in a conversation between Mr. Ullemeyer and Mr. Megna, Mr. Ullemeyer used a term derogatory to African Americans.

### First Claim for Relief: Nuisance

31.     Counterclaimant re-alleges and incorporate here all prior allegations of this counterclaim.

32.     According to Colorado common law, a claim for nuisance is predicated upon a substantial invasion of a plaintiff's interest in the use and enjoyment of his or her property when such invasion is: (1) intentional and unreasonable; (2) unintentional and otherwise actionable under rules for negligent or reckless conduct; or (3) so abnormal or out of place in its surroundings as to fall within principle of strict liability.

33.     Backstreet Bistro's installation and use of the ventilation system and exhaust fan is injurious to the Counterclaimants' health, offensive to the senses, and reduces the value of Little Switzerland's unit, thereby constituting a substantial invasion of their interest in the free use and enjoyment of their property.

34.     This activity performed and carried on by Backstreet Bistro is either intentional and unreasonable, or unintentional and otherwise actionable under the rules for negligent or reckless conduct, thereby constituting a private nuisance.

35.     Little Switzerland has given notice to the Backstreet Bistro, the Megnas, and their attorneys to abate the nuisance, but they intentionally and unreasonably refuse to do so.

36.     Backstreet Bistro has a duty to remedy the nuisance, they have breached that duty, and their breach has caused injuries and damages for Little Switzerland.

37.     Little Switzerland has been damaged by the nuisance created by Backstreet Bistro and the Megnas in amounts to be proven at trial.

### Second Claim for Relief: Violation of Restrictive Covenants

38.     Little Switzerland alleges and incorporates here all prior allegations of this counterclaim.

39.     The fan violates various provisions of the covenants, including but not limited to the following:

a.     8.2.3, which provides that any facility located in a Commercial Condominium Unit shall not engage in any use that causes "noises or allow[s] to be emitted such odors as may cause a nuisance to any neighboring residential use."

b.     8.3.1, which provides that "no unsightly object or nuisances shall be erected, placed, or permitted to remain on the premises, nor shall the premises be used in any way for any purpose which may endanger the health or unreasonably disturb the Owner of any Condominium Unit or any resident or tenant thereof."

c.     8.3.2, which provides that "no nuisances shall be allowed in the Project, nor any use or practice which is the source of annoyance to residents or tenants or which interferes with the peaceful enjoyment or possession and proper use of the Project by the Owners."

40.     The violations of the covenants and restrictions, if permitted to continue, will inflict great and irreparable damage, for which there is no adequate remedy at law.

### *Third Claim for Relief: Injunctive Relief*

41.     Little Switzerland alleges and incorporates here all prior allegations of this counterclaim.

42.     Backstreet Bistro's installation and use of the ventilation system and exhaust fan has caused Little Switzerland to suffer irreparable injury to their property interests.

43.     Little Switzerland has no adequate remedy at law for the injuries which they have suffered and will continue to suffer in the future.

44.     Bringing the fan into compliance with the covenants will not substantially burden Backstreet or the Megnas.  Consequently, when considering the balance of hardships between the Counterclaimant and Defendant, a remedy in equity is warranted.

45.     Requiring property owners to eliminate a nuisance or follow covenants is a public good, so the public interest would certainly not be disserved if this Court issued injunctive relief.

### *Fourth Claim for Relief: Declaratory Relief*
### *Pursuant to 28 U.S.C. § 2201 and C.R.S. § 13-51-106*

46.     Little Switzerland alleges and incorporates here all prior allegations of this counterclaim.

47.     28 U.S.C. § 2201 provides that any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

48.     C.R.S. § 13-51-106 provides that any person interested under a deed, written contract, or other writings constituting a contract may have determined any question of construction or validity arising under the instrument or contract, and obtain a declaration of rights, status, or other legal relations thereunder.

49.     Little Switzerland requests this Court review the applicable covenants and declare the ventilation system and exhaust fan to be part of the General Common Elements of the B & B Condominium Complex and to declare that Little Switzerland has an undivided 50% interest in both disputed fan and the exterior wall on which it was placed.

**WHEREFORE**, Counterclaimants request that this Court enter judgment for Counterclaimants and against Counterclaim Defendants, as follows:

1.     Issue a permanent injunction, requiring that the Megnas either remove the fan or bring it in compliance with the covenants.

2.     Issue declaratory relief, naming Little Switzerland as holding an undivided 50% interest in the fan and exhaust system that was installed and affixed to the General Common Elements.

3.     Award Little Switzerland damages in an amount to be proven at trial.

4.     Award Little Switzerland attorney fees as provided in the covenants.

5.     Award Little Switzerland costs and expenses incurred in this proceeding.

6.     Grant to Little Switzerland such other and further relief as the Court deems just and proper.

Dated this 6th day of April 2018.

/s/ Roger F. Sagal
**Roger F. Sagal**
Sagal Law, LLC
PO BOX 1168
241 S. Elizabeth Street
Ridgway, CO 81432
Telephone: (970) 626-5891
FAX: (970) 512-7746
E-mail: roger@sagalgroup.com

Attorney for Defendants

26

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6[h] day of April 2018 a true and correct copy of the above and foregoing **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS AGAINST PLAINTIFFS, ERYN R. MEGAN, ROBERT V. MEGNA AND BACKSTREET BISTRO, LLC** was electronically filed with the Clerk of Court *via* CM/ECF and served on the following:

Julian G.G. Wolfson
The Law Office of Julian G.G. Wolfson, LLC
jwolfsonlaw@gmail.com

*Anita Posey*
Anita D. Posey