# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Case No. 17-cv-00308-RM-KMT

ERYN R. MEGNA,
ROBERT V. MEGNA,
BACKSTREET BISTRO, LLC,

    Plaintiffs,

v.

LITTLE SWITZERLAND OF AMERICA CANDY FACTORY, INC.,
KRISTINE M. ULLEMEYER,
HAYES ULLEMEYER,

    Defendants.

---

## ORDER
---

Pending before the Court is defendants', Little Switzerland of America Candy Factory, Inc., Kristine M. Ullemeyer, and Hayes Ullemeyer (collectively, "defendants"), Motion for Change of Venue ("the motion") (ECF No. 35). Pursuant to the motion, defendants ask that this Court transfer this case to Grand Junction, Colorado. Plaintiffs, Eryn R. Megna, Robert V. Megna, and Backstreet Bistro, LLC (collectively, "plaintiffs"), have filed a response to the motion (ECF No. 44) and defendant has filed a reply (ECF No. 49).

For the following reason, the motion (ECF No. 35) is DENIED WITHOUT PREJUDICE. Put simply, it is clear from the motion and reply that defendants' explanations for why the district should be changed relate to *trial*. (*See* ECF No. 35 at 3; ECF No. 49 at 7.) This case, however, is not near trial at this juncture. Notably, a Scheduling Order was only entered two days ago. (ECF No. 51.) Pursuant to that Order, discovery will not end until November 26, 2018, and dispositive

motions will not be due until January 10, 2019. (*Id*. at 7.) Continuing in Denver will not prejudice any party or witness while discovery and dispositive motion practice (if any) takes place. For example, whether or not this case stays in Denver, the parties will still depose witnesses at whatever site is most convenient for the parties and the witness. Put another way, the parties have not identified any witness who will have to travel to Denver for this case prior to trial.

Waiting has an added benefit. Both parties appear to agree that the standard for intra-district transfer under 28 U.S.C. § 1404(c) is the same as that developed under 28 U.S.C. § 1404(a) for venue transfer. (*See* ECF No. 35 at 2; ECF No. 44 at 2.) For present purposes, the Court will assume that is correct. The parties also appear to agree that "convenience of witnesses" is the most important factor under this analysis. (*See* ECF No. 44 at 4; ECF No. 49 at 4.) Defendants also appear to understand, albeit perhaps not fully accept, that the Tenth Circuit requires a movant under § 1404(a) to, *inter alia*, show that any witness was unwilling to come to trial, deposition testimony was unsatisfactory, or the use of compulsory process would be necessary. (*See* ECF No. 49 at 4.) Quite understandably, given that the Court is not aware of any witness being asked, defendants do not come close to meeting this standard. Instead, defendants rely on inconvenience being "self-evident" and speculating on witnesses being unwilling to come to Denver for trial. (*See id*. at 5-6.) That will not be good enough should defendants decide to re-file a motion similar to the instant one later in this case. As such, the Court suggests the parties use discovery to identify those witnesses that will be called at trial, the materiality of their testimony, and whether they are willing to travel to Denver to testify.

So it is clear, the Court does not expect another motion for intra-district transfer to be filed (if at all) until after the Final Pretrial Conference, which currently appears scheduled for March 11, 2019. To the extent this case reaches it, at the Final Pretrial Conference, the parties should inform the U.S. Magistrate Judge of whether or not an issue with respect to the location of trial still exists. If one does, defendants may file a motion for intra-district transfer within fourteen (14) days of the Final Pretrial Conference. Plaintiffs may file a response fourteen (14) days thereafter, and defendants may file a reply seven (7) days after the filing of plaintiffs' response.

**SO ORDERED.**

DATED this 25th day of April, 2018.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge